TEXAS & PACIFIC COAL CO. v.
BEALL et al.

(Court of Civil Appeals of Texas. Ft. Worth.
Jan. 27, 1912.)

1. MASTER AND SERVANT (§ 217*)—INJURY TO
SERVANT—ASSUMPTION OF RISK.

An experienced coal miner, engaged in filling cars and pushing the same to the main track to be coupled to the train, was killed by the train backing and precipitating his body against a projection. He had worked two weeks and knew of the projection and the danger of being caught between it and a passing train. Held, that he assumed the risk of such injury as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

2. APPEAL AND ERROR (§ 1177*)—DISPOSITION
OF CASE ON APPEAL—REMAND.

The court on appeal, reversing a judgment, will not render judgment unless the case has been fully developed in the trial court, and, where the evidence tends to support an issue not submitted on the trial, the court, reversing the judgment, will remand the case for another trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4620; Dec. Dig. § 1177.*]

Appeal from District Court, Palo Pinto County; W. J. Oxford, Judge.

Action by Mrs. Carrie Beall and others

against the Texas & Pacific Coal Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Wray & Mayer, for appellant. W. P. Gibbs (Stephens & Miller, of counsel), for appellees.

SPEER, J. Mrs. Carrie Beall and the other appellees, as surviving wife and children, respectively, of N. S. Beall, deceased, instituted this suit against the Texas & Pacific Coal Company, a mining corporation, to recover damages for alleged negligence resulting in the death of said Beall. The case was tried before a jury, which returned a verdict for $5,000 divided among the plaintiffs, and from the judgment based thereon the defendant has appealed.

[1] We do not discuss a number of appellant's assignments, since it is unnecessary in view of our conclusion upon the facts of the case. We think those assignments complaining that the verdict should have been set aside because not supported by the evidence should be sustained. It is sufficient upon this point to state in a general way what appears to be the undisputed facts. Deceased was a coal miner engaged in digging coal in what was known at appellant's mine as room No. 43, which opened on the south of the entry leading west from the main shaft of the mine. The rooms along this entry, or tunnel, are from 36 to 41 feet apart, and along the main entry small cars propelled by an electric motor are run for the purpose of gathering up the miners' loaded cars and carrying them to the shaft for elevation to the surface and for returning empties to be again filled. These entries are driven about 8 feet wide at the bottom and very much narrower, say 4 feet, at the top. At various places along the entry, what is known as ribs are left for the support of the walls. These ribs, or projections, are like arches, and are shown to be both usual and necessary in such mines. It was against one of these ribs that deceased was pressed, receiving injuries from which he died. He had filled his car and, as was the custom, pushed the same out of his room onto the main track, to be coupled onto the train about to be made up. He had pushed the car from room 43 onto the main track, passed room 42 and beyond the rib, or projection, above mentioned to a point opposite room 41, and at this point coupled the car onto the train. In some way unexplained by the evidence, the train was backed, and his body was precipitated against the rib, or projection, which was some four to five feet west of the opening into room 41. Deceased was an experienced miner, a man of mature years, and had been working in this particular room about two weeks. In going to and from his

room he passed this rib constantly, and must necessarily have known of its presence and consequent danger to one being caught between it and the passing train. The projection approached so nearly to the cars that the larger ones had worn their way across its surface, even the smaller ones in use allowing only four to six inches, which was not sufficient, of course, to permit the passage of a man's body. Under these circumstances, it is inconceivable that deceased did not assume the risk of a defect and danger so obvious to any one. The cause was submitted and the recovery had upon an allegation of negligence in permitting the rib, or projection, to exist, as it did, thus failing to furnish deceased a safe place to work. But as indicated, assuming that such was negligence, yet clearly the deceased assumed the risk of it, and appellees cannot recover if his death was caused alone by this negligence. Because the verdict and judgment are not supported by the evidence, the judgment is reversed.

[2] We are unwilling, however, to render judgment for appellant because from the state of the record we cannot say there is no theory upon which appellees can recover. The petition contained an allegation that the company was negligent in failing to operate its cars and trains by a system of signals. And there is evidence in the record which tends to show that deceased's death proximately resulted from this negligence, although such issue was not submitted, or requested to be submitted, on the last trial. But even if this issue were not pleaded, it is not the practice of this court to render after having reversed a case, unless the case has been fully developed in the trial court, or even where by amendment it appears a cause of action may be shown. For these reasons, the judgment is reversed, and the cause remanded for another trial.

Reversed and remanded.